UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSEMARY C. BUTCHER, individually,
and ROSEMARY C. BUTCHER AND
ROBERT C. BUTCHER, co-personal
representatives of the Estate of Alexander
Michael Butcher, a/k/a ALEXANDER M.
BUTCHER, deceased,

    Plaintiffs,                                           Case No. 07-12931
                                                             Honorable Patrick J. Duggan

v.

LAWYERS TITLE INSURANCE
CORPORATION,

    Defendant.
_____/

**ORDER TRANSFERRING MATTER TO THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 27, 2007.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

On June 15, 2007, Plaintiffs filed a petition in the Oakland County Probate Court, State of Michigan, seeking to reopen the estate of Alexander Michael Butcher to resolve the issue of whether real property should be included in the estate. The real property consists of 17.83 acres in Emmet County, Michigan (hereafter the "property").

1

Defendant Lawyers Title Insurance Corporation ("Lawyers Title") removed the action to this Court on July 13, 2007, pursuant to 28 U.S.C. § 1332. Although the matter originally was assigned to the Honorable Lawrence P. Zatkoff, it was reassigned to the undersigned as a companion matter to an action Plaintiffs filed in September 2004. *See* E.D. Mich. LR 83.11(b)(7).

Plaintiffs asked the court in their 2004 action, as they do in the present matter, "to determine title to" and "partition" the property. After removing the 2004 action to federal court, Lawyers Title moved to have the matter transferred to the Western District of Michigan pursuant to 28 U.S.C. § 1404(a). This Court granted Lawyers Title's motion and the lawsuit was transferred to the United States District Court for the Western District of Michigan and assigned to the Honorable Gordon J. Quist.

Lawyers Title thereafter filed a motion to dismiss, for permanent injunction, and sanctions. On June 14, 2005, comparing Plaintiff's action to the 1993 movie "Groundhog Day," Judge Quist granted Defendants' motion to dismiss on res judicata grounds. *Rosemary Butcher, et al. v. Lawyers Title Ins. Co.*, No. 1:05-CV-145, 6/14/05 Opinion (W.D. Mich.) (Doc. 29). As Judge Quist explains in his opinion, Plaintiffs had filed multiple lawsuits in various courts attempting to relitigate the issue raised in their pending action– i.e., who has an interest in the property. Judge Quist further explained that the issue previously had been fully and finally resolved by himself and the Sixth Circuit Court of Appeals. (*Id.* at 2.) Judge Quist also sanctioned Plaintiffs' attorney, Robert Butcher (who also happened to be one of the plaintiffs), due to his conduct in filing

repetitive and vexatious lawsuits. (*Id.* at 5-6.) Noting that "it is within th[e] Court's power to put an end to the curse of the endless loop in which it finds itself" (*id.* at 1-2), Judge Quist also entered an injunction, permanently enjoining Plaintiffs from filing or pursuing any legal action against Lawyers Title, any entity related to Lawyers Title, or Lawyers Title's insureds, unless Plaintiff first met three conditions. *Rosemary Butcher, et al. v. Lawyers Title Ins. Corp.*, No. 1:05-CV-145, 6/14/05 Order (W.D. Mich.) (Doc. 30).

Apparently Plaintiffs' litigation conduct also can be likened– at least in name– to another Bill Murray movie, the 2003 film "Lost in Translation," because on November 3, 2005, without satisfying any of the conditions in Judge Quist's June 14, 2005 Order, Plaintiffs filed another action in the Oakland County Probate Court seeking a declaratory judgment with respect to the ownership of the property. Lawyers Title thereafter filed a motion asking Judge Quist to order Plaintiffs to show cause why they should not be held in contempt for filing the probate action. (*See* Doc. 41.) On February 6, 2006, Judge Quist held a show cause hearing and, two days later, entered an order requiring Plaintiffs to immediately dismiss the motion they filed in probate court. (*See* Doc. 53.)

Apparently Plaintiffs complied with that order. Nevertheless, we now find ourselves back at the moment when Bill Murray is awakened at 6:00 a.m. on Groundhog Day to "I've Got You Babe," because as indicated earlier, Plaintiffs refiled their petition in probate court on June 15, 2007. Again, Lawyers Title removed the petition to this

3

Court.[1]  In response, as they did in 2004, Plaintiffs have filed a motion asking this Court to remand the matter to state court.  The Court anticipates that Lawyers Title next will move to have the matter transferred to the Western District of Michigan.

This Court will not wait for such a motion, as it finds that in the interests of justice the present matter should be transferred to Judge Quist.  *See* 28 U.S.C. § 1404(a).

Accordingly,

**IT IS ORDERED**, that the Clerk of the Court shall transfer this action to the United States District Court for the Western District of Michigan.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Robert E. Butcher, Esq.
Jeffrey G. Raphelson, Esq.

---

[1]On August 8, 2007, Lawyers Title also filed a motion in the Western District of Michigan, asking the court to order Plaintiffs to show cause why they should not be held in contempt for filing their probate court petition.  Judge Quist has not ruled on the motion or scheduled a hearing on the motion as of today's date.